**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| **GLOBAL GROUND AUTOMATION INC.,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **Civil Action No. 6:08-cv-374-LED-JDL** |
| **v.** | § | |
| | § | |
| **GROUNDREZ, LLC,** | § | |
| | § | |
| **Defendant.** | | |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

*Procedural Posture*

Plaintiff Global Ground Automation, Inc. ("Global") brought this lawsuit for patent infringement against Defendant Groundrez, LLC ("Groundrez") on September 24, 2008 (Doc. No. 1) and the case was later referred to the undersigned for all pre-trial proceedings. Doc. No. 15. In August 2009, all counsel for Groundrez withdrew, and at that time, the Court held a status conference resulting in a stay of all deadlines. Staying the deadlines in this litigation was explicitly granted so that the parties had an opportunity to "resolve [the] dispute without further cost to either side and to enable Groundrez to retain alternative counsel, if necessary." Doc. No. 35 at 2.

When the parties were unable to resolve this dispute through mediation, Groundrez notified the Court of its intention for this case to proceed with its CEO, Mr. Jason Diaz, filing invalidity contentions *pro se* on behalf of the limited liability corporation. *See* Doc. No. 52. Finding that the *pro se* defense of a limited liability corporation potentially amounts to the unauthorized practice of law, the Court ordered Groundrez to obtain new counsel and issued subsequent orders that re-set the

1

deadlines in this case. *See id*. Groundrez failed to comply with this Order, but the Court again stayed deadlines to promote a potential settlement between the parties. Doc. No. 55.

On May 26, 2010, the parties were ordered to notify the Court by June 4, 2010 as to whether a settlement had been reached. Doc. No. 56. If an agreement was not reached, Global was directed to "file a Motion for a merits determination by June 18, 2010 so that the Court can resolve this matter." *Id*. at 2. The parties failed to comply with this Order. Thereafter, on June 29, 2010, the Court issued an Order requiring the parties to show cause by July 12, 2010 as to why this case should remain on the Court's docket. The parties also failed to comply with this deadline.

### *Disposition of the Case*

At the present time, both parties have been given ample opportunity to take steps that would allow this case to proceed. Each party has refused or declined to do so.  Rule 41(b) of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd*., 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R. Co*., 370 U.S. 626, 629–30 (1962)).  This case has been pending  without substantive action for almost a year, and it is therefore ripe for dismissal by the district court under Rule 41(b). Therefore, it is **RECOMMENDED** that this action should be **DISMISSED without prejudice** for want of prosecution or for an ongoing failure to comply with the Orders of this Court. *See Stubblefield v. Garcia*, No. 3:10-cv-0693, 2010 WL 2670654, at *1 (N.D. Tex. June 16, 2010) (quoting FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an

adjudication on the merits,"unless otherwise specified)).

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen (14) days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

**So ORDERED and SIGNED this 19th day of July, 2010.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

3