IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **GLOBAL GROUND AUTOMATION INC.,** § § § | |
| Plaintiff, § § | Civil Action No. 6:08-cv-374-LED-JDL |
| v. § § | |
| **GROUNDREZ, LLC,** § § | |
| Defendant. | |

## ORDER

Before the Court is Plaintiff Global Ground Automation, Inc.'s ("Global") Motion to Vacate Final Judgment and Reinstate Case pursuant to Federal Rule of Civil Procedure 59(e) (Doc. No. 62) ("Motion"). Having fully considered these arguments, Global's Motion is **GRANTED**.

## BACKGROUND

On September 24, 2008, Global sued Defendant Groundrez, LLC ("Groundrez") for willful infringement of U.S. Patent No. 5,953,706. The case was later referred to Magistrate Judge Love for all pre-trial proceedings. In August 2009, all counsel for Groundrez withdrew, and at that time, the Court held a status conference resulting in a stay of all deadlines. Staying the deadlines in this litigation was explicitly granted so that the parties had an opportunity to "resolve [the] dispute without further cost to either side and to enable Groundrez to retain alternative counsel, if necessary." Doc. No. 35 at 2.

When the parties were unable to resolve this dispute through mediation, Groundrez notified the Court of its intention for this case to proceed with its founder, Mr. Jason Diaz, filing invalidity

contentions *pro se* on behalf of the limited liability corporation. *See* Doc. No. 52. Finding that the *pro se* defense of a limited liability corporation potentially amounts to the unauthorized practice of law, the Court ordered Groundrez to obtain new counsel and issued subsequent orders that re-set the deadlines in this case. *See id*. Groundrez failed to comply with this Order, but the Court again stayed deadlines to promote a potential settlement between the parties. Doc. No. 55.

On May 26, 2010, the parties were ordered to notify the Court by June 4, 2010 as to whether a settlement had been reached. Doc. No. 56. If an agreement was not reached, Global was directed to "file a Motion for a merits determination by June 18, 2010 so that the Court can resolve this matter." *Id*. at 2. The parties failed to comply with this Order. Thereafter, on June 29, 2010, the Court issued an Order requiring the parties to show cause by July 12, 2010 as to why this case should remain on the Court's docket. The parties also failed to comply with this deadline. On July 19, 2010, the Magistrate Judge issued a Report and Recommendation stating that this case should be dismissed without prejudice "for want of prosecution and for an ongoing failure to comply with Orders of this Court." Doc. No. 58. All parties had an opportunity to object to this finding and apprise the Court of the what was happening in this case, but again nothing was filed. The undersigned issued a Final Judgment on August 10, 2010. Doc. No. 60.

In the instant Motion, attorneys for Plaintiff state that Global did not meet the Court's deadlines because counsel was unaware of: (1) the Order to file a Motion for a Merits Determination (Doc. No. 56), (2) the Show Cause Order (Doc. No. 57), and (3) the Report and Recommendation of the Magistrate Judge (Doc. No. 58). Global readily acknowledges that this failure to comply with deadlines— ultimately leading to the dismissal of this case— was the result of inadvertent attorney error. *See generally* MOTION. Global moves to reinstate the case and promptly prosecute its claims.

*Id*. at 8–9.

## THE PARTIES' CONTENTIONS

Global's Motion details the history of this litigation and explains the series of errors that resulted in Global and its counsel being unaware of the Orders issued from this Court between May 2010 and early August 2010. *See* MOTION at 2–5. There is no need to revisit the series of mishaps that led to counsel's apparent ignorance of the Court's Orders, but as conceded in Global's Motion, the failure to comply with the Court's Orders resulted from internal operating oversights at Greenberg Traurig, LLP. *Id*. at 5–6. The Motion further acknowledges that Global's lead attorney assumes full responsibility for Global's failure to acknowledge and respond to electronic notices:

> Counsel is keenly aware that it is the responsibility of the attorney-in-charge to make sure that all communications from this Court are not missed and that timely responses are filed. The advent of the ECF System adopted by this Court makes this responsibility of the attorney-in-charge all the more important because absent a complete failure of the attorney's computer system, all ECF notices should be received by, at a minimum, the attorney-in-charge.

MOTION at 2.

The Motion makes two main arguments. First, Global asks that the Court vacate its dismissal under Rule 59(e) because it is the result of attorney error and would inflict manifest injustice on the patentee. *Id*. at 7. Global further emphasizes that reinstating this case would not prejudice Groundrez. Since Groundrez failed to obtain counsel after being ordered to do so, Defendant failed participate in discovery, serve invalidity contentions, or otherwise mount a defense to allegations of willfulness prior to this case being dismissed. Global next argues that if the Final Judgment is not vacated, a lesser sanction should be imposed to remedy the errors committed by counsel. *Id*. at

10–12. Global suggests that instead of a dismissal with prejudice,[1] this case should be dismissed without prejudice, or alternatively, that Global's attorneys be sanctioned with fines or other disciplinary measures rather than precluding a "blameless client" from pursuing its claims. *Id*.

Groundrez has not responded to the instant Motion. Since Groundrez's lawyers withdrew in August of 2009, no attorney has appeared on behalf of Groundrez and the Court ordered the Clerk's Office to strike all *pro se* filings on behalf of Groundrez. Doc. No. 52 at 3.

## APPLICABLE LAW

The Federal Rules of Civil Procedure provide relief for a party from the terms of a final judgment under Rule 60(b). FED. R. CIV. P. 60(b). The Fifth Circuit has additionally recognized a request for relief from a judgment of dismissal on alleged grounds of excusable neglect under Rule 59(e) if the request is made within ten days of the entry of the court's judgment.[2] *Pryor v. U.S. Postal Service*, 769 F.2d 281, 285 (5th Cir. 1985); *see also Grenier v. Saltz*, No. 04-1379, 2005 WL 78941, at *1 (E.D. La. Jan. 12, 2005) (citing *Lavespere v. Niagara Mach. & ToolWorks, Inc*., 910 F.2d 167, 173 (5th Cir. 1990)), *abrogated on other grounds by Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 n.14 (5th Cir. 1994) (en banc). Since the Court entered its Final Judgment on August 10, 2010 and Global filed its Motion on August 16, 2010, the Court will evaluate the instant request to "alter or amend the judgment" under Rule 59(e). *See Pryor*, 769 F.2d at 285.

---

[1] Global is correct that the Report and Recommendation of the Magistrate Judge recommended dismissal *without* prejudice and the Final Judgment inadvertently dismissed the case *with* prejudice.

[2] "[A] motion [for reconsideration], provided that it challenges the prior judgment on the merits, will be treated as either a motion 'to alter or amend' under Rule 59(e) or a motion for 'relief from judgment' under Rule 60(b). Under which Rule the motion falls turns on the time at which the motion is served. If the motion is served within ten days of the rendition of judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Naranjo v. Universal Surety of Am*., No. C-09-240, 2009 WL 4667402, at *3 (S.D. Tex. Dec. 1, 2009) (internal citations omitted).

A district court has considerable discretion to grant or deny a motion under Rule 59(e) and ultimately the Court must approach a motion to reopen a case on a case-by-case basis. *See Ford Motor Credit Co. v. Bright*, 34 F.3d 322, 324 (5th Cir. 1994); *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993); *Lavespere*, 910 F.2d at 173. To prevail on a Rule 59(e) motion, the moving party must satisfy at least one of the following criteria: "(1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or prevent manifest injustice." *Beneficial Innovations, Inc. v. Blockdot, Inc.*, No. 2:07-cv-263, 2010 WL 2246291, at *2 (E.D. Tex. June 3, 2010) (citing *In re Benjamin Moore & Co.*, 318 F.3d 626, 629 (5th Cir. 2002)). In considering a motion for reconsideration, a court "must strike the proper balance between two competing imperatives: (1) finality, and (2) the need to render just decisions on the basis of all the facts." *Brown v. DFS Services, LLC*, --- F.Supp.2d ----, 2010 WL 2593625, at *1 (S.D. Tex. June 29, 2010) (quoting *Bohlin*, 6 F.3d at 355).

## DISCUSSION

It is noted at the outset that this Motion is the result of gross carelessness. As the Fifth Circuit has emphasized, "a party has a duty of diligence to inquire about the status of a case." *Associated Marine Equipment LLC v. Jones*, 301 Fed. Appx. 346, 349 (5th Cir. 2008) (quoting *Pryor*, 769 F.2d at 287). The Court entered its Order requesting a motion for a merits determination in May 2010 and Final Judgment was not entered until August. Had counsel visited CM/ECF at all during that period, the present dilemma could have been completely avoided. Alternatively, had Global hired local counsel prior to the filing of this Motion or listed more than one attorney of record on these filings, it is unlikely the instant ruling would be necessary.

Nonetheless, the Court finds that the interests of justice militate in favor of relief. The dismissal rendered in the Final Judgment deprives Global of the opportunity to pursue its claims as a result of its counsel's failure to comply with Orders from the Court. There is no indication that Plaintiff was aware of these rulings during the time it pursued settlement negotiations. Moreover, Global's attorneys failure to comply amounts to negligence and was not the result of "contumacious conduct." *See Bullard v. Burlington Northern Santa Fe Railway Co.*, 368 Fed. Appx. 574, 581 (5th Cir. 2010) (internal citations omitted) (recognizing that "it is not a party's negligence— regardless of how careless, inconsiderate, or understandably exasperating— that makes conduct contumacious"); *see also Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985).

Furthermore, Groundrez's interest in preserving a Final Judgment is minimal given its own conduct in this case. Defendant has also failed to comply with numerous Court orders, including an unwillingness to hire counsel pursuant to instructions from Judge Love at the status conference held last fall, as well as an Order dated March 31, 2010 that required attorney involvement in Groundrez's defense. As such, Groundrez will not suffer prejudice that precludes this case from being reinstated. Just as before, Groundrez must either defend against the allegations of willful infringement under the guidelines set forth by the Court, or risk a default judgment. While the Court does not condone the recent conduct of Global's counsel, a client should not be unduly punished for the errors of its attorneys.

## CONCLUSION

For the reasons stated above, the Motion to Vacate Final Judgment and Reinstate Case (Doc. No. 62) is **GRANTED**. The Court **VACATES** its Order of Dismissal (Doc. No. 59) and Final Judgment (Doc. No. 60).

This case remains referred to Magistrate Judge Love for all remaining pre-trial proceedings. It is further **ORDERED** that this case will not be subject to any further requests to stay deadlines unless there is a joint representation that the parties have reached an agreement to resolve this case. To that end, given Groundrez's failure to obtain licensed counsel, Plaintiff is directed to file a Motion for a merits determination by **October 4, 2010**. This Motion should be accompanied by appropriate evidentiary support for a legal determination as to infringement, validity, and damages.

**So ORDERED and SIGNED this 14th day of September, 2010.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**