**UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

-----------------------------------------------------------------x
GLOBAL GROUND AUTOMATION, INC.,           :
                                          :
               Plaintiff,              :     C.A. No. 6:08-cv-374-LED-JDL
                                          :
            -against-                   :     Hon. Leonard Davis
                                          :
GROUNDREZ, LLC,                           :
                                          :
               Defendant.              :
-----------------------------------------------------------------x

**MOTION TO INTERVENE AND VACATE REPORT AND RECOMMENDATION
BY ORISSA HOLDINGS, LLC AND GROUND MANAGEMENT HOLDINGS, LLC**

      Intervening parties Orissa Holdings, LLC ("Orissa") and Ground Management Holdings, LLC ("GMH") (collectively the "Intervenors") respectfully file this Motion seeking to intervene, pursuant to Rule 24 of the Federal Rules of Civil Procedure, granting them permission to intervene in this action as defendants and counterclaim-plaintiffs for all purposes, both as of right and permissibly, and to vacate the Report and Recommendation of Magistrate Judge Love, dated June 29, 2011.

**PRELIMINARY STATEMENT**

      Plaintiff Global Ground Automation, Inc. ("Global") commenced this action claiming that Defendant GroundRez, LLC ("GroundRez") infringes Patent No. 5,953,706 (the "'706 Patent"), which is currently owned by Global. Specifically, Global alleges that certain online ground travel management software that was being used by GroundRez, including the software known as GroundRez Global Distribution Systems Tools and GroundRez Corporate Booking Tools (the "Transportation Software"), infringed and continues to infringe the '706 Patent.

Global, however, failed to timely and adequately prosecute this action. Specifically, Global failed to comply with three different orders of this Court, including an Order dated June 4, 2010 (Doc. No. 56), an Order dated June 29, 2010 (Doc. No. 57), and a Report and Recommendation dated July 19, 2010 (Doc. No. 58). Due to Global's failure to comply with those Court orders, on August 10, 2010, the Court entered a Final Judgment dismissing this action, in its entirety, *with prejudice* (Doc. No. 60).

As set forth in the Declaration of Apurva Patel ("Patel Dec."), dated July 13, 2011, filed contemporaneously herewith, in express reliance on that Final Judgment *with prejudice*, GMH purchased certain assets from GroundRez, pursuant to an asset purchase agreement ("APA"), which was dated as of August 13, 2010. Those assets included GroundRez's trade name and its customer list, but not the Transportation Software that was being used by GroundRez that Global has accused of infringing the '706 Patent in this action. Around the same time, and as part of an overall agreement with GroundRez, Orissa entered into a license and purchase agreement, dated August 18, 2010, with Blue Star Infotech (UK) Limited, a United Kingdom company, and its parent company, Blue Star Infotech Limited (India), an Indian company (collectively, "Blue Star"). Under that agreement, Orissa was granted the right to use and, subject to making certain purchase payments to Blue Star, acquire the Transportation Software and underlying intellectual property rights relating to the limousine service booking platform that Blue Star had developed for GroundRez. Thus, after the Court dismissed this action with prejudice, the Intervenors acquired various GroundRez assets and the Transportation Software that was the subject of Global's patent infringement claims in this action.

As further set forth in the Patel Dec., after Orissa acquired the rights in the Transportation Software and GMH began actively using a portion of that software (as

enhanced by Orissa) to offer services to its customers in the ground transportation business, Global's petition to reopen this action was granted by the Court, on or about September 14, 2010, without opposition from GroundRez. Thereafter, Global filed a motion for summary judgment, on or about October 4, 1010, to which GroundRez failed to file any opposition and defaulted. Following an additional Court-directed briefing by Global, filed on April 29, 2011, concerning the patentability of the claimed subject matter in the '706 Patent, Magistrate Judge John D. Love then filed a Report and Recommendation (the "Report") on June 29, 2011, recommending that Global's summary judgment motion be granted, along with injunctive and monetary relief for non-willful infringement.

In the Report, Magistrate Judge Love expresses "grave concern" as to whether the claimed subject matter in the '706 Patent is patentable and admonishes Global to "seriously consider" such concerns in any future proceedings. Nonetheless, because GroundRez failed to respond to Global's motion, Magistrate Judge Love recommended that Global be granted injunctive relief, which would "allow Global to halt any entity that acquired Groundrez's technology assets that may be implementing the infringing technology and stem any further erosion of Global's market share and reputation." [Report at 15.]

Accordingly, because the Intervenors are now the licensees and ultimate owners and users of the Transportation Software (which has since been enhanced by Orissa), an actual and justiciable controversy now exists between Global and the Intervenors with respect to the non-infringement and invalidity of the '706 Patent. Because GroundRez ceased participating in and defending this action, however, the Intervenors' interests are not being adequately protected. Accordingly, the Intervenors are entitled to intervene in this matter, as of right, pursuant to Fed. R. Civ. P. 24(a)(2) or, in the alternative, permissively pursuant to Fed. R. Civ. P. 24(b)(1)(B), to

3

protect their interests in the Transportation Software and prevent substantial prejudice. Upon such intervention, the Court is respectfully requested to vacate the Report and allow the Intervenors an opportunity to fully defend the allegations in the complaint and prosecute their counterclaims for declaratory relief.

## ARGUMENT

### POINT I:

### THE INTERVENORS ARE ENTITLED TO INTERVENE AS A MATTER OF RIGHT UNDER RULE 24(A)

In order to intervene as of right pursuant to FRCP 24(a)(2), an applicant must: (1) timely file a motion to intervene; (2) assert an interest relating to the property or transaction that is the subject of the action; (3) demonstrate that its interest may be impaired or impeded by the disposition of the action; and (4) show that its interest is not adequately represented by the other parties. *See Sierra Club v. Espy,* 18 F.3d 1202, 1204-05 (5th Cir. 1994); *Reid v. GMC*, 240 F.R.D. 257, 259 (E.D. Tex. 2006); Fed. R. Civ. P. 24(a). Although mandatory in nature, Rule 24 should be construed liberally and any doubt concerning the propriety of allowing intervention should be resolved in favor of the proposed intervenors. *See In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 248 (5th Cir. 2009). Here, the Intervenors satisfy each of these requirements.

**A.**     **The Motion to Intervene Is Timely**

The question of whether a motion to intervene is timely is a flexible inquiry left to the sound discretion of the court. *See id.* "'[T]imeliness' is not a word of exactitude or of precisely measurable dimensions. The requirement of timeliness must have accommodating flexibility toward both the court and the litigants if it is to be successfully employed to regulate intervention in the interest of justice." *Veve v. Bolt Express LLC*, Civ. Act. No. L-08-0133, 2009 U.S. Dist. LEXIS 47517, at *5 (S.D. Tex. June 2, 2009) (quoting *McDonald v. E.J. Lavino Co.,* 430 F.2d

4

1065, 1074 (5th Cir. 1970)). It is not "a tool of retribution to punish the tardy would-be intervenor, but rather a guard against prejudicing the original parties by the failure to apply sooner." *Sierra Club*, 18 F.3d at 1205. Accordingly, federal courts "should allow intervention where no one would be hurt and greater justice could be attained." *Id.* (internal citation omitted).

In determining whether a motion to intervene is timely, the Fifth Circuit has set forth several factors that should be considered by the Court, including: (a) the length of time the applicant knew or should have known of its interest before making the motion; (b) the prejudice to the existing parties resulting from the applicant's delay; (c) the prejudice to the applicant if the motion is denied; and (d) the presence of unusual circumstances militating for or against a finding of timeliness. *See Sierra Club,* 18 F.3d at 1205; *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264-66 (5th Cir. 1977) (citations omitted). Applying these factors to the instant motion, the Intervenors' motion is timely.

On June 29, 2011, Magistrate Judge Love issued his Report that expressed his "grave concerns" as to whether the claimed subject matter in the '706 Patent is patentable. Indeed, on April 7, 2011, Magistrate Judge Love issued his Order directing Global to specifically brief the issue of "whether the invention disclosed in the ['706 Patent] is patentable subject matter pursuant to 35 U.S.C. § 101." As patentability raises an issues of law (*see* April 7, 2011 Order at 3), the Court could have found *sua sponte* the absence of patent-eligible subject matter. Nonetheless, because GroundRez failed to respond to Global's summary judgment motion or Global's submission on patentability, Magistrate Judge Love recommended that Global's unopposed motion for summary judgment be granted.

The recommendations in the Report will directly impact the Intervenors, even though they are not currently parties to the litigation. Magistrate Judge Love has recommended that an

5

injunction be issued, which may now affect the Intervenors as the licensees, users, and eventual owner of the Transportation Software.[1] Because Global expressed concerns over enforceability of any relief against GroundRez, Magistrate Judge Love stated that injunctive relief would "allow Global to halt any entity that acquired Groundrez's technology assets that may be implementing the infringing technology and stem any further erosion of Global's market share and reputation." [Report at 14.] Thus, the Intervenors and their valuable property interest in the Transportation Software will be substantially impaired and prejudiced by any injunctive relief granted to Global should the Court adopt the Report.

In response to the Report, the Intervenors now move to intervene within the fourteen-day period in which to file written objections. Such minimal time to move is both within the time frame established by the Court and is reasonable given the circumstances of this action. *See, e.g., Edwards v. City of Houston*, 78 F.3d 983 (5th Cir. 1996) (granting intervention even though intervenors were aware of settlement negotiations for several months because they had no knowledge of the specific terms of the consent decree until the official notice ordered by the district court was distributed); *Espy*, 18 F.3d 1202 (5th Cir. 1994) (motion found timely when made within two months of becoming aware that interests were affected); *Ass'n of Professional Flight Attendants v. Gibbs*, 804 F.2d 318 (5th Cir. 1986) (five month lapse found not unreasonable). *Cf. Stallworth*, 558 F.2d 257 (5th Cir. 1977) (movants discharged their duty to act quickly by filing petition less than one month after district court entered consent order).

The existing parties are not prejudiced by the Intervenors' motion. Notably, this factor is concerned only with the potential prejudice caused by an applicant's delay, not by prejudice that may result if intervention is allowed. *Edwards*, 78 F.3d at 1002 (finding no prejudice where the

---

[1] Title to and an assignment of copyright in the Transportation Software will be transferred to Orissa upon its satisfaction, by December 2011, of its payment obligations owed to Blue Star. (Patel Dec. ¶ 9.)

parties did nothing during the period between submission of a proposed final decree and the Intervenors' motion except anticipate and prepare to address the possible objections that would be made to the decree). Here, just as in *Edwards*, the Intervenors complied with the Report's own timetable directing the existing parties to file objections. *See id.* at 1003. Thus, there is no prejudice to the existing parties because there is no delay.

In sharp contrast, the Intervenors' interests will be severely prejudiced if their motion to intervene is denied. First, based on Global's failure to comply with three Court orders, on August 10, 2010, the Court dismissed this action *with prejudice*.[2] In direct reliance on that Order, the Intervenors entered into the APA with GroundRez and acquired their interests in the Transportation Software from Blue Star for substantial consideration. (Patel Dec. ¶ 14.) Because GroundRez failed to oppose Global's summary judgment motion or patentability brief, the Report recommends issuance of an injunction that undoubtedly will be used as a sword by Global to attack the Intervenors' customers and the Intervenors themselves with new infringement claims stemming from a patent that the Intervenors will establish is not viable under 35 U.S.C. § 101. Accordingly, giving due consideration to the totality of the circumstances in this case, the Intervenors' motion to intervene in this action is timely and failure to grant the motion could severely and irreparably harm both them and their customers, as well as, the ground transportation industry itself. (Patel Dec. ¶¶ 14-15.)

**B.    The Intervenors Have a Direct, Substantial and Legally Protectable Interest in the Property That Is the Subject of the Action**

---

[2] Although the Court noted in its Order reinstating the case dated September 14, 2010 (at page 4, note 1), that "Global is correct that the Report and Recommendation of the Magistrate Judge recommended dismissal without prejudice and the Final Judgment inadvertently dismissed the case with prejudice," by August 18, 2010, Orissa had already concluded its purchase of the Transportation Software and GMH had concluded its purchase of GroundRez's other assets under the APA. (Patel Dec. ¶ 14 at fn. 1.)

Under Rule 24(a), a proposed intervenor must assert "an interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a). The Fifth Circuit defines a "direct, substantial, legally protectable interest in the action" required by Rule 24(a) as an interest that "the substantive law recognizes as belonging to or being owned by the applicant." *Cajun Elec. Power Co-op. v. Gulf States Utils.,* 940 F.2d 117, 119 (5th Cir.1991) (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.,* 732 F.2d 452, 464 (5th Cir.) This requirement is met where, as here, the Intervenors are the current licensees and users of the Transportation Software (with Orissa becoming the actual owner upon final payment to Blue Star in December 2011) that is the object of the litigation. *See* 6 Moore's Federal Practice § 24.03[2][a] at 24-27 (3d ed. 2004) ("Applications to intervene in which the proposed intervenor advances a clear property interest present the easiest cases for intervention.").

Moreover, the Report expressly allows Global to utilize the recommended injunction to prevent other parties from "implementing" the Transportation Software, which the Intervenors have done since their August 2010 transactions with GroundRez and Blue Star that closed at a time when Global's claims had been dismissed with prejudice. Accordingly, the Intervenors easily meet the requirement of demonstrating that they have an interest in the property that is the subject of this action.

C. **Absent Intervention, the Intervenors' Interest in the Transportation Software Will Be Severely Impaired**

Rule 24(a) requires an applicant to show that "the disposition of the action may, as a practical matter impair or impede the applicant's ability to protect that interest." Fed. R. Civ. P. 24(a)(2). The applicants are not required to show that they will be bound by the judgment in the action to satisfy this requirement. *See* Advisory Committee Notes, 1966 Amendments to Fed. R. Civ. P. 24(a)(2); *see also* 6 Moore's Federal Practice § 24.03[3][a] at 24-41. Here, the Report

demonstrates that the Intervenors' interest in the Transportation Software will be severely impaired if this motion is denied.

As discussed above, the Report recommends that the Court enter an Order finding that the Transportation Software infringes the '706 Patent, notwithstanding the observation in the Report that the '706 Patent may not be enforceable. Moreover, the Report further recommends that the Court enter an injunction that will have the practical effect of preventing "any entity that acquired Groundrez's technology assets" from using the Transportation Software. The Intervenors hold rights in the Transportation Software and GMH has been using a portion of the Transportation Software (as enhanced by Orissa) in its business to offer technology services to its customers in the travel agency and ground transportation industry. (Patel Dec. ¶¶ 6-7.) Indeed, the Intervenors closed their August 2010 transactions with GroundRez and Blue Star, thus acquiring rights in the Transportation Software, in reliance upon the Court's dismissal of this action with prejudice. The Intervenors and their customers will also face future attacks by Global on their use of the Transportation Software, thus threatening the Intervenors' entire business.

Accordingly, the Intervenors have demonstrated that unless their motion to intervene is granted, their interests in the Transportation Software will be severely prejudiced and impaired.

### D. The Intervenors' Interests Are Not Adequately Represented by the Other Parties

Finally, a proposed intervenor must show that the other parties to the lawsuit do not adequately represent its interests. The Supreme Court has stated that this burden "is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal." *Tribovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972); *see also Sierra Club*, 18 F.3d at 1207. Intervention should be granted where, as here, the existing parties do not adequately represent the Intervenors' interests. *See*

9

*Supreme Beef Processors, Inc. v. USDA*, 275 F.3d 432, 437-38 (5th Cir. 2001) (granting intervention on appeal where representation by existing plaintiff might become inadequate due to plaintiff's possible dissolution in bankruptcy before appeal was resolved).

Here, no party is defending, protecting or representing the Intervenors' interests as the only party who could do so, GroundRez, defaulted after its counsel was permitted to withdraw by the Court. In fact, as expressed by Magistrate Judge Love, there are "grave concerns" as to whether the '706 Patent is enforceable, but no party is defending this action or opposing Global. For that reason, the Report recommends that Global's unopposed motion for summary judgment be granted and injunctive relief be awarded against the Transportation Software, even though Global is likely not entitled to such relief, which the Intervenors intend to establish. Accordingly, unless the Intervenors' motion is granted, their interests in the Transportation Software are not adequately protected.

## POINT II:

### IN THE ALTERNATIVE, THE INTERVENORS SHOULD BE PERMITTED TO INTERVENE UNDER RULE 24(B)

In the alternative, the Court should grant the Intervenors permission to intervene in this action pursuant to Rule 24(b). Rule 24(b) gives the Court broad discretion to permit an applicant to intervene when its claim or defense has a question of law or fact in common with the main action. *See Reid*, 240 F.R.D. at 259. Obviously, the factual circumstances surrounding Global's claim of infringement against GroundRez and the Intervenors' subsequent acquisition of rights in the Transportation Software share common issues of fact and law.

The principal consideration in deciding whether to permit an applicant to intervene under Rule 24(b) is whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties. *See Veve v. Bolt Express LLC*, Civ. Act. No. L-08-0133, 2009 U.S.

Dist. LEXIS 47517, at *5 (S.D. Tex. June 2, 2009). As shown above, permitting intervention will not result in delay or prejudice. Indeed, Global has gotten to this point in the action by sheer luck in having an adversary shut down from an apparent lack of litigation funding. Intervention will, in fact, assist the Court in assessing and ultimately resolving the substantive concerns expressed by Magistrate Judge Love about the invalidity of the '706 Patent.

Other relevant factors include whether the Intervenors' interests are adequately represented by the existing parties — which they are not — and whether the Intervenors' presence is likely to make a significant contribution to the development of the underlying factual issues — which it is. *See Symetra Life Ins. Co. v. Rapid Settlements, Ltd.*, 2006 U.S. Dist. LEXIS 62404, at *16 (S.D. Tex. 2006) (granting permissive intervention where factors weighed in favor of granting movant's motion to intervene). Each of these factors favors intervention. As discussed *supra*, the Intervenors have a significant property interest in the Transportation Software, their interests are not adequately represented by the existing parties, and an order permitting them to intervene will allow full development of the factual issues and will foster judicial economy by resolving all outstanding issues relating to the Transportation Software and viability of the '706 Patent in one single lawsuit.[3] Under such circumstances, their motion should be granted.

For example, in *Reid*, the plaintiffs accused the defendants' technology system of infringing plaintiffs' patent. 240 F.R.D. 257. The plaintiffs further contended that the intervenor's software was a substantial part of an allegedly infringing system operated by the defendant. The intervenor's proposed complaint sought declaratory judgments of noninfringement, invalidity and unenforceability. The court granted the intervenor's permissive

---

[3] Apurva Patel, the principal of both Intervenors, also was the inventor under the '706 Patent and served as CEO and Executive Chairman of Global's predecessor-in-interest. (Patel Dec. ¶ 19 at fn. 2.) As such, his knowledge is highly relevant to the patentability issue.

11

intervention because the intervenor's claims and defenses shared common questions of law and fact with the action by the plaintiffs against the defendants. *Id.* at 260.

Here, as in *Reid*, the Intervenors acquired their rights in the Transportation Software that is alleged to infringe the '706 Patent. As such, the Intervenors clearly share in the questions of law and fact pending before the Court. Accordingly, the Intervenors' motion should be granted.

## **CONCLUSION**

For the reasons set forth herein, intervening parties Orissa Holdings, LLC and Ground Management Holdings, LLC respectfully request that the Court award the following relief:

(1) grant the Intervenors' motion to intervene in this action as defendants and counterclaim-plaintiffs for all purposes;

(2) vacate the Report;

(3) accept the Intervenors' proposed Answer with Counterclaims;

(4) allow the Intervenors an opportunity to fully defend the allegations in the complaint and prosecute their counterclaims for declaratory relief; and

(5) grant any additional relief as the Court may deem just and proper.

Dated: July 13, 2011

/s/ Deborah Race
Deborah Race
State Bar No. 16448700
Otis Carroll
State Bar No. 03895700
Patrick Kelley
State Bar No. 11202500
IRELAND, CARROLL & KELLEY, P.C.
6101 South Broadway, Suite 500
Tyler, TX 75703
Phone: 903-561-1600
Fax: 903-581-1071
E-mail: fedserv@icklaw.com

*Of counsel:*

Barry Werbin
M. Darren Traub
HERRICK, FEINSTEIN LLP
2 Park Avenue
New York, NY 10016
Phone: 212-592-1400
Fax: 212-592-1500
E-mail: bwerbin@herrick.com

*Attorneys for Intervening Party*

CERTIFICATE OF SERVICE

Pursuant to Local Rule 5(a)(3)(A), I certify that true and correct copies of the foregoing document along with the supporting Declaration of Apurva Patel, dated July 13, 2011, and the Intervenor's proposed Answer and Counterclaim have been served via electronic means on counsel for Plaintiff:

Douglas Ray McSwane, Jr., Esq.
Potter Minton
P. O. Box 359
Tyler, TX 75710
903/597/8311
Fax: 9035930846
Email: dougmcswane@potterminton.com

Anthony F Matheny, Esq.
Greenberg Traurig
1000 Louisiana, Suite 1700
Houston, TX 77002
Email: mathenya@gtlaw.com

James W Soong, Esq.
John P Ward, Esq.
Greenberg Traurig - Palo Alto
1900 University Ave, 5th Floor
East Palo Alto, CA 94303
Email: soongj@gtlaw.com
Email: wardj@gtlaw

and that a true and correct copy of those papers were also served on Jason Diaz, CEO of Defendant by electronically delivery and overnight mail to 129 West 29th Street, 7th Floor, New York, New York.

/s/ Deborah Race

### CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV7(h), the undersigned local counsel for Orissa Holdings, LLC, proposed intervening party, sent the following e-mail at 2:58 p.m. CDT to Mary-Olga Lovett (lovettm@gtlaw.com), Anthony F. Matheny (mathenya@gtlaw.com), Doug McSwane, Jr. (dougmcswane@potterminton.com), James W. Soong (soongj@gtlaw.com), and John Ward (wardj@gtlaw.com), all listed as current counsel for the Plaintiff, Global Ground Automation, Inc., as well as to Jason Diaz (jdiaz@taxipass.com), the sole listed counsel for Defendant, Groundrez, LLC. That e-mail stated in its entirety as follows:

> "All –
> We are local counsel to Herrick, Feinstein, LLP, representing Orissa Holdings, LLC. Orissa asserts an interest in the patents involved in the above referenced action. Orissa wishes to intervene in this action. Although the rules are ambiguous as to whether a meet & confer is required for intervention by an entity which is not presently a party, we are making this request out of an abundance of caution. Please let me know if you oppose intervention by Orissa and, if so, if you can be available for a short meet and confer later this afternoon, preferably around 4:30 CDT.

The undersigned immediately received "out-of-office" replies from Mary-Olga Lovett, James Soong and Doug McSwane, Jr. At 4:30 p.m. CDT, Mr. Matheny and the undersigned

14

spoke by telephone and discussed that the request for intervention is for the purpose of, inter alia, vacating the Report and Recommendation of the U.S. Magistrate Judge entered in this case on June 29, 2011. According to information obtained from the Court's PACER system, there is no remaining listed counsel for Defendant, Groundrez, LLC except for Mr. Diaz who is listed as Pro Se for that defendant.

Under the circumstances and based on the relief requested, Plaintiff's counsel indicated that Plaintiff opposes that relief and the parties are at an impasse.

As a result, the relief requested is opposed and should be deemed as being opposed.

Dated: July 13, 2011

                                                                                     */s/ Patrick Kelley*_____
                                                                                     Patrick Kelley